## St. John's Protestant Episcopal Church Endowment Fund, Inc., et al.

### v.

## Vestry of St. John's Protestant Episcopal Church, etc.

Record No. 870586

March 3, 1989

Present: All the Justices

*B. Randolph Boyd (John K. Messersmith, IV; Watson M. Marshall; Randolph, Boyd, Cherry and Vaughan; Marshall and Canfield, P.C., on brief), for appellants.*

*Parker E. Cherry (Purcell, Cherry, Kerns, Abady & Seymour, on brief), for appellee.*

CARRICO, C.J., delivered the opinion of the Court.

This appeal in a declaratory judgment proceeding involves a dispute between the Vestry of St. John's Protestant Episcopal Church (the Vestry) and St. John's Protestant Episcopal Church Endowment Fund, Incorporated, a nonstock corporation (the Fund).[1] The subject of the dispute is the length of the terms of the Fund's trustees.

Relying upon its certificate of incorporation, the Fund contended below that the trustees' terms are for life. Relying upon Code § 13.1-857(A), the Vestry contended that the terms run for only one year. The trial court agreed with the Vestry and declared that the trustees' terms are limited to one year. We granted the Fund an appeal.

The Fund was incorporated on January 25, 1918, by a certificate approved by the Law and Equity Court of the City of Richmond (now the Circuit Court of the City of Richmond). The stated purposes of the Fund are to "acquire and establish in perpetuity a fund . . . and to appropriate the income therefrom . . . to the preservation, insurance and improvements of the real [and personal] property [of the church] and also to its religious, charitable and benevolent uses."

The certificate of incorporation vests the management of the Fund's affairs in five trustees.[2] From the inception of the Fund until 1985, the trustees served for life, apparently without objection. A dispute then arose over the length of the trustees' terms, and, on November 12, 1986, the Vestry filed a motion for declaratory judgment which instituted the present proceeding.

---

[1] St. John's, site of Patrick Henry's "liberty-or-death" speech, is located on Church Hill in Richmond.

[2] A subsequent amendment to the certificate of incorporation provides that the trustees of the Fund should number not less than five nor more than nine.

Pertinent to our inquiry are the provisions of Article 6 of the certificate of incorporation. In part, Article 6 reads:

The hereinafter named incorporators and their successors shall at all times constitute the members of this corporation, and may be designated as its Board of Trustees; they shall have power to act until their successors shall have been appointed as hereinafter provided. Any vacancy which may hereafter occur in said Board of Trustees from death, resignation, inability or refusal to act, removal, or from causes declared by the By-laws to create a vacancy, shall be filled by election by said Board of Trustees, and the Vestry of said Church shall have the sole power to make nominations to fill said vacancies . . . .

Also pertinent are the provisions of Code § 13.1-857(A). This section, part of the Virginia Nonstock Corporation Act, states that "[i]n the absence of a provision in the articles of incorporation fixing a term of office, the term of office for a director shall be one year."

The Fund contends that in order to answer the question whether its certificate of incorporation fixes the term of office of its trustees, it is necessary to ask two other questions. The first is whether "a term for life [is] a 'term' as that word is used in [Code §] 13.1-857(A)." The second is whether "the [Fund's] Certificate of Incorporation . . . establish[es] a life term for its Trustees."

The Fund says that it finds in *The People* v. *Loeffler*, 175 Ill. 585, 51 N.E. 785 (1898), an affirmative answer to its first question, *viz.*, whether a term for life is a "term" within the meaning of Code § 13.1-857(A). In *Loeffler*, construing the provisions of a civil service act, the court said:

[T]he words, 'fixed time' . . . do not necessarily mean a definite period, as for instance, one year, two years, or three years. On the contrary, they refer to a term of office which is established or settled, as contradistinguished from a term which depends upon the mere will or pleasure of the appointing power. A man who is appointed to hold his office during good behavior, or until removal or discharge for cause, occupies it for a settled and established term; and the time for which he occupies it, is in a certain sense a fixed

time, because it does not end at the pleasure of the appointing power.

*Id.* at 603, 51 N.E. at 791.

The Fund then argues that the trial court, citing *Black's Law Dictionary* 1639 (4th ed. 1968), incorrectly applied a definition of the word "term" as meaning "a fixed period, a determined or prescribed duration." In adopting this definition, the Fund says, the court ignored the phrase "term of office," used in Code § 13.1-857(A), which is defined in the same dictionary as meaning "the period during which [an] elected officer or appointee is entitled to hold office, perform its functions, and enjoy its privileges and emoluments." *Black's Law Dictionary* at 1640. In this definition, the Fund opines, "there is no requirement of a specified number of years; a term for life . . . is a term of office just as clearly as is a term for a specified number of years."

The Fund says it finds in the language of Article 6 of the certificate of incorporation an affirmative answer to its second question, *viz.*, whether the certificate establishes a life term for the trustees. Here, the Fund emphasizes the language authorizing the trustees to act "until their successors shall have been appointed" as well as the language providing for the filling of vacancies occurring from "death, resignation, inability or refusal to act, removal, or . . . causes declared by the By-laws to create a vacancy." From this language, the Fund opines, "it is clear that members of the Board of Trustees act either for life or until they could not or would not fulfill their duties."

The intention of the Fund's organizers to fix trustees' terms at life is further demonstrated, the Fund suggests, by a provision in Article 7 of the certificate of incorporation. Article 7 establishes a term of office of one year for the Fund's president, vice-president, secretary, and treasurer. The Fund argues that had it been the intention of the organizers to limit the terms of trustees similarly, "they surely would have done so in the same express terms as provided in Article 7."

We find this argument unpersuasive. We think it can be argued with greater logic that had the organizers intended to take the unusual step of providing life terms for trustees, they surely would have done so in unmistakable fashion.

The language of Article 6 serves multi-faceted yet limited purposes. It provides for the orderly conduct of the Fund's business in

the event of vacancies by allowing trustees to serve until their successors are appointed; it prescribes the circumstances under which vacancies may occur; and it defines the method by which vacancies may be filled. But it evinces no intention on the part of the Fund's organizers to fix the trustees' terms of office at life.

To the contrary, we find in another provision of Article 6 unmistakable evidence of the organizers' intention not to fix the trustees' terms of office at life. This provision requires that "not less than three . . . members [of the board of trustees] shall be Vestrymen of said Church." This requirement cannot be satisfied if trustees serve for life. The terms of vestrymen are limited to three years. Accordingly, the inevitable result is that from time-to-time the number of vestrymen on the board of trustees would be reduced to less than three. Indeed, this has been the result of the Fund's previous experience with trustees serving life terms.[3]

We find, therefore, that there is an "absence of a provision in [the Fund's certificate] of incorporation fixing a term of office" for the Fund's trustees, within the meaning of Code § 13.1-857(A). Hence, if this Code section applies, the terms of trustees are limited to one year.

The Fund argues, however, that Code § 13.1-857(A) should not be applied retroactively. The Fund says that a corporate charter is a contract between the state and the corporate organizers which cannot be impaired by subsequent legislation such as Code § 13.1-857(A).

The Fund concedes that under Code § 13.1-937, the provisions of Chapter 10, Title 13, which include Code § 13.1-857(A), are made applicable to all corporations theretofore or thereafter organized. And the Fund acknowledges that we said in *Hanshaw* v. *Day*, 202 Va. 818, 120 S.E.2d 460 (1961):

> While it must be conceded that a corporate charter is a contract between the state on the one hand and the organizers of the corporation on the other, and therefore cannot be impaired by subsequent legislation, this principle is subject to the well-recognized limitation that the legislature does not thereby relinquish its authority, under its police power, to supervise, regulate and limit the exercise of corporate functions by appropriate legislative changes.

[3] We find untenable the Fund's suggestion that the three-vestrymen requirement would be satisfied so long as those selected are vestrymen when made trustees.

*Id.* at 823, 120 S.E.2d at 463 (citations omitted).

The Fund counters, however, with the argument that Code § 13.1-857(A) is "merely an interpretive aid to assist in the determination of directors' terms" and "does not purport to supervise, regulate or limit the exercise of corporate functions." Hence, the Fund says, "organizers of [a] corporation remain free to establish whatever term of office they deem appropriate for the directors."

We disagree with the Fund concerning the applicability of Code § 13.1-857(A). As the Vestry points out, the issue in this case is not "whether the organizers could have created a term for any duration, but whether the [certificate of incorporation does], in fact, fix a term of office." We have already demonstrated that the certificate does not fix a term of office for the Fund's trustees.

■ In these circumstances, Code § 13.1-857(A) intervenes, not as a mere "interpretive aid" but as a mandate, to fix the trustees' terms at one year. Code § 13.1-857(A) constitutes, therefore, an "appropriate legislative" change "regulat[ing] and limit[ing] the exercise of corporate functions." *Hanshaw*, 202 Va. at 823, 120 S.E.2d at 463.

Finding no error, we will affirm the judgment appealed from.

*Affirmed.*